UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN DAVID WILSON, SEAMUS JAMES WILSON, and RORY DOUGLAS WILSON, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MOSCOW, et al, <br><br> Defendants. | Case No. 3:22-cv-00421-BLW <br><br> **SCHEDULING ORDER TRACK: (Standard)** |

In accordance with the agreements reached in the telephone scheduling conference held between counsel and Court staff on **January 22, 2026**, and to further the just, speedy, and inexpensive determination of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following recitation of deadlines and procedures will govern this litigation:

**SCHEDULING ORDER - 1**

1.    <u>Dispositive Motion Deadline</u>: All dispositive motions, including motions for punitive damages, must be filed by **September 1, 2026**.[1]

2.     <u>Amendment of Pleadings and Joinder of Parties</u>: Motions to amend pleadings and join parties, except for allegations of punitive damages, will not be permitted unless good cause is shown.[2]

3.    <u>Alternative Dispute Resolution</u>: The parties have chosen to participate in **a judicially supervised settlement conference.** ADR must be held within **60 days of the Court's ruling on dispositive motions**. The parties are directed to email the Court's ADR Administrator Stuart Kaylor at adr@id.uscourts.gov to schedule the conference.

4.    <u>Discovery Plan</u>:  All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan which is incorporated herein by reference.

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of  Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

**SCHEDULING ORDER - 2**

5.    Clawback: Pursuant to Fed. R. Evid. 502(d), and Section VI.a. of the parties'

stipulated discovery plan, it is hereby ORDERED that production of a

privileged or work-product-protected document, whether inadvertent or

otherwise, is not a waiver of privilege or work-product protection in this

case or in any other federal or state proceeding.

6.    Completion of Fact Discovery:  All fact discovery **relevant to liability** must

be completed by **August 3, 2026**. This is a deadline for the completion of all

fact discovery; it is not a deadline for discovery requests.  Discovery

requests must be made far enough in advance of this deadline to allow

completion of the discovery by the deadline date. **The parties shall**

**promptly submit a joint plan for discovery pertaining to damages as**

**necessary following the resolution of dispositive motions.**

7.    Disclosure of Experts:  The parties have stipulated that expert testimony will

not be needed on the issue of liability. Expert disclosure deadlines pertaining

to damages will be set following the resolution of dispositive motions.

8.    First Interim Status Conference: The Court will conduct a telephonic interim

status conference on **June 29, 2026, at 3:30 p.m.** Plaintiff must initiate the

conference call by placing it to (208) 334-9145 and must have all

appropriate parties on the line.

**SCHEDULING ORDER - 3**

9.    Scheduling of Trial and Pretrial Conference.  Plaintiff's counsel must contact courtroom deputy **Jamie Gearhart** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

10.   Law Clerk: The law clerk assigned to this case is **Rosemary Ardman**. She may be reached at (208) 334-9363.

11.   Discovery Disputes:

   a.  I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions.  I will keep these motions on my own docket.

   b.  The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c.  Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the Judge's discovery dispute procedures.

   d.  In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate

SCHEDULING ORDER - 4

the parties' dispute.  To facilitate that mediation, the attorneys will first contact Rosemary Ardman, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions.  Ms. Ardman may be able to offer suggestions that will resolve the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

   e.     Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

12.    The Court will conduct **telephonic status conferences** with the parties. The Court will set those status conferences in a separate notice.

13.    <u>Calendaring Clerk</u>:  Scheduling matters and calendar issues may be directed to **Jamie Gearhart**, who may be reached at (208) 334-9021. If reassigned, consult  <u>Judges' web</u> page for staff directory.

**SCHEDULING ORDER - 5**

14.   Docketing Clerk: If you have a docketing question, please contact a docket clerk[3] at (208) 334-1361.

DATED: January 26, 2026

B. Lynn Winmill
United States District Judge

---

[3] The Clerk's office staff directory may be found on the Court's webpage:
http://id.uscourts.gov/district/attorneys/DocketingCourtroom_Dep.cfm

SCHEDULING ORDER - 6